1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10
11  VIRGINIA REEDER,                    )      Civil No. 07-CV-362-L(LSP)
                                        )
12              Plaintiff,              )      **ORDER DISMISSING ACTION**
                                        )      **WITHOUT PREJUDICE and**
13  v.                                  )      **GRANTING LEAVE TO FILE AN**
                                        )      **AMENDED COMPLAINT**
14  JOHN KNAPIK DBA K/MONT              )
    CONSTRUCTION, *et al.*,             )
15                                      )
                Defendants.             )
16  _____ )

17       On February 26, 2007, Virginia Reeder, who is listed as plaintiff and is appearing *pro se*,

18  submitted a complaint that was signed only by Willie James Washington, as having power of

19  attorney for Virginia Reeder.  A non-attorney cannot represent a *pro se* litigant.  *See Johns v.*

20  *County of San Diego,* 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear *pro se*

21  on his own behalf, he has no authority to appear as an attorney for others than himself.").

22  Accordingly, the Court will dismiss the current complaint and grant Virginia Reeder leave to file

23  an amended complaint which she signs.

24       If Virginia Reeder chooses to continue to pursue this action by filing an amended

25  complaint, plaintiff is advised that she must set forth the grounds upon which the court's

26  jurisdiction depends.  Moreover, any amended complaint must include clear and concise factual

27  allegations describing the events which underlie plaintiff's claims.  *See* Federal Rule of Civil

28  Procedure 8.  In addition, plaintiff is  informed that the court cannot refer to a prior pleading in

                                                                                    07cv362

order to make any amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  This is because an amended complaint supersedes the original complaint. *See Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967).  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Any amended pleading which fails to provide the necessary factual description as to each defendant will likely be dismissed.

Further, it is not clear from the complaint whether Virginia Reeder is attempting to remove an action from the state court.  The complaint states: "That Plaintiff seeks to remove the pending civil small claims petition to the United States District Court based on the amount of damages exceeding \$50,000."[1]  (Complaint at 4).  A plaintiff cannot remove an action to federal court; only a defendant may seek removal.  *See* 28 U.S.C. § 1446(a):

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

If Virginia Reeder is attempting to remove an action from the state court in which she is a named defendant, she must follow the Federal Rules of Civil Procedure notwithstanding her *pro se* status.

Finally, Virginia Reeder names several private individuals as defendants in this purported

---

[1]       It is also not clear if Virginia Reeder intends to bring this action or remove the action on the basis of original jurisdiction or diversity jurisdiction given her statement that damages are in excess of \$50,000.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  Additionally, a federal court has jurisdiction over an action involving citizens of different states and the amount in controversy exceeds \$75,000.00.  28 U.S.C. § 1332.  The diversity statute must be strictly construed. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).  The citizenship of all defendants, whether or not they have been served with the complaint, determines if complete diversity exists. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *accord Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981).  The party seeking to invoke the court's original or diversity jurisdiction bears the burden of establishing that jurisdiction exists. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

civil rights complaint.  A § 1983 plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).  Thus, a § 1983 action is generally not applicable to private parties.  Plaintiff is cautioned to determine whether there is some legal basis for asserting a § 1983 claim against private parties if she seeks to amend the complaint to name private individuals.

Based on the foregoing, **IT IS ORDERED** dismissing the complaint without prejudice. **IT IS FURTHER ORDERED** granting leave to file an amended complaint within 30 days of the filing of this Order.  **IT IS FURTHER ORDERED** that the failure to file an amended complaint which complies with this order within the time provided will result in this action be closed.

**IT IS SO ORDERED.**

DATED:  February 28, 2007

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

07cv362