UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA REEDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN KNAPIK dba K/MONT ) <br> CONSTRUCTION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 07-CV-362-L(LSP) <br><br> **ORDER DENYING PLAINTIFF'S "MOTION FOR LEAVE OF COURT" [doc. #30]** |

Plaintiff, appearing *pro se*, filed a document entitled "MOTION FOR LEAVE OF COURT TO ALLOW PLAINTIFF TO APPEAR IN CAMERA BEFORE THE COURT IN PERSON FOR EX PARTA." Although not entirely clear, it appears that plaintiff is requesting a hearing before the Court without notice and/or the presence of opposing counsel and/or parties. Plaintiff has provided no legal basis for this extraordinary relief. Further, it appears plaintiff is seeking the assistance of both the Court and defendant John Knapik ("Knapik") in effectuating service of process on several defendants. (Motion at 2). Finally, plaintiff seeks entry of default against Knapik for failure to file an answer and for failure to respond to discovery requests.

**1.     Service of Process**

Although the Court generally maintains a liberal policy with regard to *pro se* litigants, *pro se* litigants are not entitled to ignore the Federal Rules of Civil Procedure and their requirements. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *American Ass'n of*

*Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). *Pro se* litigants are not exempt from complying with the basic rules for service of process. A plaintiff's *pro se* status does not excuse untimely service or the violation of court orders. *See, American Ass'n of Naturopathic Physicians*, 227 F.3d at 1108*; see also McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980,(1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Plaintiff contends that she has been unable to effectuate service of process on defendants Dennis Cobbrowsk, John Costello, Bob McCraw, Alex LeRoux, Chris Jones, Several Unknown Named Labors of John Knapik dba K/Mont Construction Company, and Ace Home Inspection Services Agent Donald L. Walker. (Motion at 2). Plaintiff states that she has diligently acted to have Willie James Washington ("Washington") serve the amended complaint and summons on these defendants. Plaintiff states that Washington has telephoned various defendants to request meetings so that defendants may be personally served. A defendant has no affirmative duty or obligation to meet with a plaintiff or plaintiff's process server to be served. Failure to agree to meet with plaintiff or her process server to be served is not an evasion of service. Additionally, a defendant has no duty or obligation to plaintiff to assist in the service of the complaint by providing co-defendants' addresses. Finally, a district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process. It is plaintiff's obligation to locate and properly serve defendants. Plaintiff's attention is directed to Rule 4(e) for the requirements for service of process.

**2.    Defendant Knapik**

Plaintiff contends that defendant Knapik has "failing willfully, intentionally, and knowingly file an answer to the complaint, failing to enter into meaningful and timely discovery request . . . ." Although plaintiff is appearing without benefit of counsel, as noted above, she must comply with the Federal Rules of Civil Procedure.

Rule 12 requires the filing of an answer **or** a motion to dismiss for one of the enumerated reasons set forth in the rule. *See* FED. R. CIV. P. 12(a) and (b).

> Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, **except that the following defenses may at the option of the pleader be made by motion**: . . . (5) insufficiency of service of process.

FED. R. CIV. P. 12(b).  Here, defendant Knapik timely filed a Rule 12(b)(5) motion to dismiss plaintiff's complaint for insufficiency of service of process.  Knapik's motion to dismiss is set for hearing on June 11, 2007.[1]  [Doc. #13].  Accordingly, Knapik is not in default but rather is entirely within the procedures set forth in the Federal Rules of Civil Procedure.  Knapik need not file an answer unless and until the Court enters a ruling on his motion and requires the filing of an answer.  Thus, plaintiff's request that the Court "strike all of said defendants' [sic] pleadings and enter Summary Judgment by Default Judgment against said defendant Mr. Knapik, for the full amount of monies the plaintiff seeks," is without legal or factual basis and is frivolous.

Plaintiff also contends that defendant Knapik has not responded timely to plaintiff's first set of interrogatories. (Motion at 6).  Plaintiff has violated Federal Rule of Civil Procedure 26(d) and (f) by serving discovery requests on defendant prior to a scheduling conference set by and held before the magistrate judge assigned to the case.  Knapik is not required to respond to discovery that is in violation of Federal Rule of Civil Procedure 26(d) and (f).  Therefore, plaintiff's request that defendant Knapik be required to show cause why he has failed to comply with plaintiff's discovery is frivolous and will be denied.

If plaintiff wishes to conduct discovery prior to the Early Neutral Evaluation and Scheduling Conference, she must initiate that request before the magistrate judge assigned to this action and demonstrate good cause.

. . .

. . .

. . .

. . .

---

[1] The Court has determined that defendant Knapik's motion would be submitted on the papers, without oral argument. *See* Order filed May 18, 2007 [doc. #29].

Based on the foregoing, **IT IS ORDERED** denying plaintiff's "MOTION FOR LEAVE OF COURT TO ALLOW PLAINTIFF TO APPEAR IN CAMERA BEFORE THE COURT IN PERSON FOR EX PARTA." [doc. #30] and all relief sought in that motion.

**IT IS SO ORDERED.**

DATED: May 22, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL