UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA REEDER,  ) | Civil No. 07-CV-362-L(LSP) |
| ) | |
| Plaintiff,  ) | **ORDER GRANTING MOTION TO** |
| ) | **DISMISS [doc. #13] and DISMISSING** |
| v.  ) | **THIS ACTION WITHOUT** |
| ) | **PREJUDICE AS TO JOHN KNAPIK** |
| JOHN KNAPIK DBA K/MONT  ) | |
| CONSTRUCTION, *et al.*,  ) | |
| ) | |
| Defendants.  ) | |

On February 26, 2007, Virginia Reeder, appearing *pro se*, filed the above-captioned case. Because the complaint was not signed by plaintiff, the Court dismissed the action without prejudice and granted plaintiff leave to file an amended complaint. On March 21, 2007, plaintiff filed a first amended complaint. [doc. #4].

Defendant John Knapik filed a motion to dismiss the amended complaint for ineffective service of process under Federal Rule of Civil Procedure 12(b)(5). Plaintiff filed a response in opposition to the motion contending service of process was effective.[1]

---

[1] In her response, plaintiff also argues that defendant Knapik was required to respond to her request for discovery. This issue was not raised in defendant's motion to dismiss and is not considered by the Court here. Rather, the issue of discovery was raised in plaintiff's "motion for leave of court" [doc. #30] and was disposed of in the Court's May 22, 2007 Order. Plaintiff is admonished to refrain from interjecting issues that are not raised in a particular motion.

07cv362

## Discussion

A plaintiff must serve the defendant with a copy of summons and complaint within 120 days of filing a complaint. FED. R. CIV. P. 4(m). Rule 4 contains detailed provisions as to the manner in which service must occur. "A liberal construction of Rule 4 'cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'" SCHWARZER, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ¶ 5:347 (2005) (quoting *Mid-Century Wood Products, Inc. v. Harris*, 936 F .2d 297, 300 (7th Cir.1991)); *see also Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 924-25 (11th Cir.2003) (holding that even though defendant had actual notice of the lawsuit, service of process was ineffective because it was not in substantial compliance with Rule 4(f)).

Federal Rule of Civil Procedure 4(e) concerns service upon individuals within a judicial district of the United States:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Accordingly, under Rule 4(e), service of process should be upheld if it conforms to either federal or applicable state service of process rules.

As set forth in Rule 4(e), service of process may be effected "pursuant to the law of the state in which the district court is located . . . ." FED. R. CIV. P. 4(e)(1). California law provides for service of a summons upon an individual person "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." CAL. CIV. PROC. CODE § 416.90. If, after reasonable diligence, the summons and complaint cannot be personally delivered in accordance with Section 416.90, several methods of substitute

service are permitted. CAL. CIV. PROC. CODE § 415.20(b). One such method is effected by leaving a copy of the summons and complaint at the usual place of business of the person to be served, in the presence of a person apparently in charge, and afterwards mailing a copy of the summons and complaint to the same location. *Id.* Another method is effected by "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." CAL. CIV. PROC. CODE § 415.20

It is undisputed that plaintiff, through her process server, left the summons and amended complaint in the door of defendant Knapik's home and did not leave a copy of the summons and complaint "in the presence of a competent member of the household or a person apparently in charge of his or her office" under California law, or "with some person of suitable age and discretion then residing therein" under federal law. Plaintiff argues that service was effectuated because the "documents were left at his [Knapik's] dwelling place and the affidavits of Mr. Washington and Ms. Maria Hermelinda Michel[2] clearly reflects that they made contact with defendant by cell telephone calls on April 10th, 2007 . . . ." (Response at 2). Plaintiff also states that "[t]hese sworn affidavits . . . and the statement made in defendant Knapik [sic] motion to dismiss confirms that something happen [sic] . . . ." *Id.* Notwithstanding plaintiff's belief that leaving the documents in Knapik's door, phoning defendant, and stating that "something

---

[2] Plaintiff sought leave to file the affidavit of Maria Hermelinda Michel on May 11, 2007. [doc. #27] The Court granted plaintiff's *ex parte* application and ordered that plaintiff was to file with the Clerk of the Court and serve on opposing counsel and parties the affidavit of Ms Michel no later than May 18, 2007. [doc. #28]. To date, plaintiff has not filed the affidavit and therefore, has not complied with the Court's Order. Plaintiff is required to comply with orders of the Court. Further failure to comply with the Court's orders may result in sanctions being imposed on plaintiff notwithstanding her *pro se* status.

happen[ed]" on April 10, service was not effectuated under either the Federal Rules of Civil Procedure or the California Civil Procedure Code.

As noted in the Court's Order filed May 22, 2007 [doc. #31], "[*p*]*ro se* litigants are not entitled to ignore the Federal Rules of Civil Procedure and their requirements" . . . [and are not] "exempt from complying with the basic rules for service of process. . . . Although plaintiff is appearing without benefit of counsel, . . . she must comply with the Federal Rules of Civil Procedure." (Order filed May 22, 2007 at 1-2).

Based on the foregoing, defendant Knapik is entitled to dismissal of the complaint, without prejudice, for failure to effectuate service of process. In order to maintain this action against Knapik, plaintiff must effectuate service of process in conformity with the Federal Rules of Civil Procedure and within the 120 days provided under Rule 4(m) on defendant Knapik and all other defendants named in the complaint.

**Conclusion**

Accordingly, **IT IS ORDERED** dismissing the amended complaint without prejudice as to defendant John Knapik.

**IT IS SO ORDERED.**

DATED: June 5, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL