UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA REEDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN KNAPIK dba K/MONT ) <br> CONSTRUCTION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 07-CV-362-L(LSP) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S** *EX PARTE* **APPLICATION [doc. #38]** |

Plaintiff, appearing *pro se*, filed a document entitled "MOTION[1] FOR LEAVE OF COURT FOR AN ORDER GRANTING PLAINTIFF A MONTH EXTENSION OF TIME TO LOCATE AND SERVE THE REMAINDER OF DEFENDANTS WITH THE SUMMONS AND FIRST AMENDED COMPLAINT OR THAT BY SERVING DEFENDANT JOHN KNAPIK WOULD BE ENOUGH TO HAVE SERVED ALL UN SERVED DEFENDANTS."

**1.    Extension of time**

Plaintiff seeks a one-month extension of time in which to serve the remaining defendants. Plaintiff appears to believe that the filing of an amended complaint extends the 120-day time for service of process: "That on March 21th, 2007, plaintiff filed her First Amended Complaint per

---

[1] Non-substantive, *i.e.*, procedural, requests of the Court should be filed as *ex parte* applications; substantive request must be filed as properly noticed motions. Civil Local Rule 7.1(b) provides that "[a]ll hearing dates for any matters on which a ruling is required shall be obtained from the clerk of the judge to whom the case is assigned." CIV. L.R. 7.1(b). Plaintiff's current "motion" is construed as an *ex parte* application rather than a motion.

the Court's instruction and that plaintiff time started to run on that date and will expires on or about July 21th, 2007." *Ex parte* application at 2. Plaintiff's belief is incorrect. Federal Rule of Civil Procedure 4(m) requires a plaintiff to effectuate service of process on defendants within 120 days after the filing of the complaint. Rule 4(j) states in pertinent part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

FED. R. CIV. P. 4(j).

Generally, the 120-day period runs from the date of the original complaint, not the amended complaint. The court permits amended complaints so that the pleadings will conform to the developing evidence, not to enable plaintiff to extend the time for service indefinitely. *Finch v. George*, 763 F. Supp. 967 (N.D. Ill. 1991)(the filing of the amended complaint does not reset the service clock at zero). Thus, plaintiff cannot extend the service of process period with respect to an already-named defendant by filing an amended complaint.[2] Here, plaintiff's Complaint was filed on February 26, 2007. Plaintiff did not name new defendants in her amended complaint; therefore, service of process is required to be effectuated no later than June 26, 2007

If a plaintiff fails to serve the Complaint within the time provided, Rule 4(m) further provides the court "shall dismiss the action without prejudice as to that defendant or direct that serve be effected within a specified period of time." Thus, Rule 4(m) allows courts to provide additional time for service, "even if good cause is not shown." Notes of the Advisory Committee on 1993 Amendments to Rule 4(m). As discussed above, service of process on all defendants is currently due on June 26, 2007. Because plaintiff has sought an enlargement of time within which service was due, the Court will grant plaintiff's request for a 30-day extension of time from June 26, 2007 to July 26, 2007 in which to serve the currently unserved defendants.

---

[2] The exception to this Rule is when a party is given leave to amend a complaint to add new parties. The 120-days begins to run with the filing of the amended complaint as to those new parties only.

2

### 2.     Alternative Relief

Plaintiff alternatively seeks relief in the form of an order that would deem service of defendant John Knapik as sufficient to find all unserved defendants served. This request is without any legal basis and cannot be ordered. Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to perfect personal service on *each* defendant. FED. R. CIV. P. 4(e)(2). Without such personal service, a district court is without jurisdiction to render judgment against the defendant. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (finding service by mail without an acknowledgment of receipt is insufficient); *see also Ecclesiastical Order of Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988)(finding service on a defendant's employer is insufficient). Whether a defendant had notice of the legal action, despite lack of personal service, is immaterial. *Friedman*, 929 F.2d at 1155. "[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum." *Omni Capital Int'l v. Rudolf Wolff & Co., LTD.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987)); *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976) ("[D]ue process requires proper service of process in order to obtain *in personam* jurisdiction."). In short, the requirement of proper service of process "is not some mindless technicality." *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir.1987).

Based on the foregoing, plaintiff's request for an order that would construe service of process on defendant Knapik as sufficient to establish service of process over all other unserved defendants is denied.

### 3.     June 12, 2007 Motion

Finally, in the body of plaintiff's *ex parte* application, she "asks that this court take under advisement of the plaintiff's June 12th, 2007 motion for leave to have defendant Knapik being properly served . . . ." (*Ex parte* application at 3). Plaintiff is advised that her "motion for leave of court," has been rejected as being in non-compliance with Civil Local Rules 5.1, 7.1 and 47.1. Plaintiff previously has been advised of the necessity of complying with the Federal Rules of Civil Procedure and the Civil Local Rules notwithstanding her *pro se* status. Plaintiff is again

reminded of her obligation to be aware of and to comply with the Rules of Court.

Based on the foregoing, **IT IS ORDERED** plaintiff's *ex parte* application for a 30 day extension of time is **GRANTED**. Plaintiff shall have until **July 26, 2007** in which to effectuate service of process on all unserved defendants. **IT IS FURTHER ORDERED** that plaintiff's *ex parte* application for an order finding defendant John Knapik's service of process[3] as being sufficient with respect to all unserved defendants is **DENIED.**

**IT IS SO ORDERED.**

DATED: June 26, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[3] The Court notes that defendant Knapik has not been served with process as of this date.