UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA REEDER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOHN KNAPIK dba K/MONT CONSTRUCTION, *et al.*,<br><br>　　　　　　Defendants. | Civil No. 07-CV-362-L(LSP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND *EX PARTE* APPLICATION FOR EXTENSION OF TIME** [doc. #45] |

Plaintiff has filed a second *ex parte* application[1] for an extension of time in which to serve the remaining defendants, or in the alternative, for an order finding that service of process upon defendant John Knapik is sufficient as to all unserved defendants. On June 26, 2007 [doc. #40], the Court granted plaintiff an additional 30 days in which to serve the remaining defendants and denied plaintiff's request to deem service of Knapik as sufficient with respect to the unserved defendants.

**1.　　Extension of time to effectuate service of process**

In her renewed *ex parte* application for an extension of time to serve the remaining defendants, plaintiff states: "That on March 21, 2007, plaintiff filed her First Amended

---

　　　[1] Plaintiff has indicated a hearing date of September 17, 2007 for this *ex parte* application; however, the Court does not set *ex parte* applications for hearing. Further, a review of the Court's docket does not show any motion set for hearing on September 17, 2007.

Complaint per the Court's instruction and that plaintiff time started to run on that date will expires on or about July 21, 2007." (Second *ex parte* application at 2). Plaintiff's quoted statement is incorrect as a matter of law as thoroughly discussed in the Court's June 26, 2007 Order. The Court's Order noted that the 120-day period for service of process, required under Federal Rule of Civil Procedure 4(j), begins to run "*from the date of the original complaint, not the amended complaint.*" (Order at 2 (emphasis added)). For plaintiff to now reiterate her incorrect belief that her time for service runs from the filing of her first amended complaint and to misrepresent the Court's prior Order is frivolous and subject to sanctions.

The Court's June 26, 2007 Order provided plaintiff with an additional 30 days in which to effectuate service, *i.e.,* until July 26, 2007. Plaintiff now seeks an extension of time "past" September 17, 2007, to effectuate service on the remaining defendants. Plaintiff contends that she has been unable to locate the addresses of the remaining defendants and "will need to hire a private investigator to find the wherabouts of these defendants and then serve them with the summons and complaints. Plaintiff does not have the additional funds to hire a private investigator." (Second *ex parte* application at 2). Plaintiff has made no showing that almost two additional months will provide her with the addresses of the unserved defendants. Nevertheless, the Court will grant plaintiff an additional 30 days, **until August 27, 2007**, in which to effectuate service of process.

### 2. Alternative Relief

Plaintiff reurges her request for an order that would deem service of defendant John Knapik as sufficient to find all unserved defendants served. It thus appears that plaintiff seeks reconsideration of the Court's prior Order.

### A. Reconsideration Standard

Civil Local Rule 7.1(i) allows parties to file motions for reconsideration. Under that local rule, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part. . . ." CIV. L. R. 7.1(I)(1). A party must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior

application." *Id.*  A timely-filed motion for reconsideration under a local rule is considered a motion under Federal Rule of Civil Procedure 59(e). *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995).

Reconsideration under Rule 59(e) is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A Rule 59(e) motion "should not be granted[] absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments.  Reconsideration motions do not give parties a "second bite at the apple.:"  they "are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented. . . .  Nor is a motion to reconsider justified on the basis of new evidence which could have been discovered prior to the court's ruling. . . .  Finally, 'after thoughts' or 'shifting of ground' do not constitute an appropriate basis for reconsideration." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1999), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998) (internal citations omitted); *accord United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a motion for reconsideration under Rule 59(e) was properly denied because "it presented no arguments that had not already been raised in opposition to summary judgment"); *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) ("courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment").

**B.     Discussion**

Plaintiff has not presented any legal or factual basis for reconsidering the Court's prior Order that denied her request to construe service of process on defendant Knapik as sufficient to establish service of process over all other unserved defendants.  Indeed, given the Court's prior

1 discussion of the issue, plaintiff's attempt to reargue her request is frivolous and legally
2 unreasonable.  The Court in denying plaintiff's previous request explained at length that there is
3 no legal basis for such relief and it "cannot be ordered." (Order at 3).  The Court cannot exempt
4 plaintiff from the constitutionally required service of process on each individual defendant.
5 Accordingly, the Court denies plaintiff's second attempt for alternative relief.

### 3.  Sanctions Under Federal Rule of Civil Procedure 11

Plaintiff is advised of Federal Rule of Civil Procedure 11(c) which allows the Court to impose monetary sanctions if, after notice and a reasonable opportunity to respond, the Court determines that counsel or a *pro se* litigant has violated the requisite certification in Rule 11(b). FED. R. CIV. P. 11(c).  Rule 11(b) imposes a duty on attorneys or *pro se* litigants to certify by their signature that:  (1) they have read the pleadings or motions they filed; (2) the pleading or motion is "not being presented for any improper purpose, such as to harass or to cause unnecessary dely or needless increase in the cost of litigation"; and (3) is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." FED. R. CIV. P. 11(b); *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).  The purpose of this rule is to curb baseless filings "which abuse the judicial system and burden courts and parties with needless expense and delay." *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397-98 (1990).

Rule 11 imposes an objective test. *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999); *see Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986), *abrogated on other grounds*, 496 U.S. 384 (1990).  "The certification requirements of Rule 11 are violated 'if the paper filed . . . is frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith.'" *Paciulan*, 38 F. Supp. 2d at 144 (*quoting Zaldivar*, 780 F.2d at 831).  Under this approach, a pleading or motion is not "warranted by law" where no "'plausible, good faith argument can be made by a competent attorney' in support of the proposition asserted.'" *Id*. (*quoting Zaldivar*, 780 F.2d at 833).  The Court can determine whether there was an improper purpose after reviewing the facts and the law. *Id.*

Plaintiff's misrepresentation of the Court's prior Order concerning the running of Rule

4(j), and her second request for the Court to deem service of defendant Knapik as sufficient for all remaining unserved defendants are frivolous, legally unreasonable and without factual foundation. Although the Court could impose sanction on plaintiff for this latest filing, the Court will not do so at this time. Plaintiff should take care, however, to read and to comply with both the Federal Rule of Civil Procedure and the Civil Local Rules in all future filings.

Based on the foregoing, **IT IS ORDERED** granting in part plaintiff's second *ex parte* application for an extension of time. Plaintiff shall serve all remaining defendants **not later than August 27, 2007. IT IS FURTHER ORDERED** denying plaintiff's second *ex parte* application for an order re: service of process on Knapik as sufficient for all remaining unserved defendants.

**IT IS SO ORDERED.**

DATED: July 17, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL