UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA REEDER,<br><br>               Plaintiff,<br><br>v.<br><br>JOHN KNAPIK dba K/MONT CONSTRUCTION, *et al.*,<br><br>               Defendants. | Civil No. 07-CV-362-L(LSP)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION TO SUBMIT GROUP #10 EXHIBITS [doc. #49]** |

On August 7, 2007, plaintiff, appearing *pro se*, filed an "*ex parte* application to submit group #10 exhibits" to defendant Billie Moore's answer to plaintiff's first amended complaint. Plaintiff previously attempted to file a "traversal" and "Exhibit #10" to Moore's answer but the court rejected the document for failing to obtain leave of Court to file a response to the answer.[1] [doc. #42].

Plaintiff's current *ex parte* application seeks to have the same exhibits filed that were attached to her stricken "traversal". The current application contains a memorandum in support of her application that is virtually identical to the "traversal" she attempted to file on July 9,

---

[1] The Federal Rules of Civil Procedure do not provide for the filing of a response to an answer: "There shall be a complaint and an answer; . . . . No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." FED. R. CIV. P. 7(a). The Court has not ordered a reply to Moore's answer and such a reply will not be permitted here.

2007. [doc. #42]. Thus, plaintiff is attempting to get her stricken "traversal" before the Court by filing the present memorandum in support of having certain exhibits filed. This blatant attempt to circumvent the Court's prior decision to strike the "traversal" amounts to bad faith and is a mischief upon the Court that will not be tolerated. For this reason, plaintiff's *ex parte* application is denied.

Moreover, evidentiary materials should not be presented to the Court given the present procedural posture of the case, *i.e.,* all the defendants have not been served; there has been no early neutral evaluation ("ENE") or preliminary case management conference ("CMC") and as a result, no discovery is permitted to be requested absent leave of court; and there are no pending motions that require an evidentiary presentation. Like all litigants in federal court, plaintiff must await the ENE and CMC in order to go forward with this action. The ENE will be set after August 24, 2007 – the previously extended time for plaintiff to effectuate service of process on the remaining unserved defendants. (Order filed July 18, 2007 [doc. #46]). For this reason as well, plaintiff's *ex parte* application to "submit group #10 exhibits" is denied.

Plaintiff attention is again directed to Federal Rule of Civil Procedure 11. (*See* Order filed July 18, 2007 [doc. #46]). As noted in that Order, the purpose of Rule 11 is to "curb baseless filings 'which abuse the judicial system and burden courts and parties with needless expense and delay.'" (Order at 4 (quoting *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997)). Plaintiff's current *ex parte* application is such a filing. Although plaintiff is appearing *pro se*, she is must comply with the Federal Rules of Civil Procedure and the Civil Local Rules. Further frivolous and/or bad faith filings will likely subject plaintiff to monetary and/or other sanctions.

Based on the foregoing, **IT IS ORDERED** denying plaintiff's *ex parte* application to submit group #10 exhibits [doc. #49].

**IT IS SO ORDERED.**

DATED: August 13, 2007

M. James Lorenz
United States District Court Judge

1  COPY TO:

2  HON. LEO S. PAPAS
3  UNITED STATES MAGISTRATE JUDGE

4  ALL PARTIES/COUNSEL