UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA REEDER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN KNAPIK dba K/MONT CONSTRUCTION, *et al.*,<br><br>　　　　　Defendants. | Civil No. 07-CV-362-L(LSP)<br><br>**ORDER GRANTING *EX PARTE* MOTION FOR EXTENSION OF TIME TO SERVE AMENDED COMPLAINT [doc. #55]** |

On September 4, 2007, plaintiff, appearing *pro se*, filed her third request[1] for an extension of time in which to effectuate service of process on the remaining unserved defendants. Plaintiff asks that she be permitted until September 26, 2007 in which to serve these defendants. Under Federal Rule of Civil Procedure 4(m), plaintiff was required to effectuate service of process no later than June 26, 2007. But the Court granted both of plaintiff's requests for extensions of time in which to effectuate service of process. (*See* Orders filed June 26, 2007 [doc. #40] and July 18, 2007 [doc. #46]). The Court noted in its July 18, 2007 Order that granted plaintiff an additional month in which to serve defendants, "[p]laintiff has made no showing that [the] almost two additional months [requested would] provide her with the addresses of the unserved defendants." *Id.* at 2. Nevertheless, the Court granted plaintiff an additional month to serve the

---

[1] Plaintiff's prior requests for extensions of time were filed on June 26, 2007, doc. no. 39; and on July 18, 2007, doc. no. 45.

remaining defendants, *i.e.,* not later than August 27, 2007.  *Id.* at 5.

Plaintiff's latest request for an extension of time was filed on September 4, 2007, a week *after* service of process was required to be effectuated under the earlier Order granting plaintiff a second extension of time.[2]  The Court notes that plaintiff sought her two previous extensions of time prior to the time service was to be effectuated.

**Discussion**

In the present request for a further extension of time, plaintiff reiterates that she has been unable to effectuate service of process on defendants Dennis Cobbrowsk, John Costello, Bob McCraw, Alex LeRoux, Chris Jones, Several Unknown Named Labors of John Knapik dba K/Mont Construction Company, and Ace Home Inspection Services Agent Donald L. Walker.[3] Plaintiff states that she has diligently acted to have Willie James Washington ("Washington") serve the amended complaint and summons on these defendants.  But plaintiff does not indicate what steps she and/or Washington have taken[4] other than to assert that she has made "diligent attempts to locate and serve all remaining defendants" and that "on multiple ocassions [sic] spent 12 hours staked outside defendant John Knapik's place of last known residency . . . ." (*Ex parte* application at 2).  Nor does plaintiff suggest a reason for the filing of her *ex parte* application after the time had run for service of process.[5]

---

[2]   Although plaintiff's certificate of service states that she mailed her request for an extension of time to the "City of San Diego Attorney" and to Billie Moore on August 24, 2007, the certificate of service does not indicate the manner or the date plaintiff filed her *ex parte* application for an extension of time with the Clerk of the Court.  Plaintiff's *ex parte* application was received by the Clerk of the Court on September 4, 2007.  In the absence of any verification that plaintiff mailed her *ex parte* application to the Court earlier than September 4, 2007 or hand delivered her application to the Clerk of the Court prior to September 4, 2007, the Court must accept September 4, 2007 as the date plaintiff filed her *ex parte* application with the Court.

[3]   Plaintiff has served defendants Billie Moore, the City of San Diego Building Permits Inspection Office, and City of San Diego Building Inspector Monty Counsell.

[4]   The Court notes that there are a significant number of ways in which to obtain mailing addresses for individuals and business entities.

[5]   Plaintiff states that she had surgery on August 30, 2007, which is after the time previously set by the Court for effectuating service of process.  Therefore, the surgery does not provide a reason for plaintiff's failure to act prior to the expiration of the time for service and consequently, for requesting a further extension of time.

### 1. Rule 6(b) and excusable neglect

Federal Rule of Civil Procedure 6(b) grants district courts discretion to enlarge time periods set by the rules. Rule 6(b) provides in pertinent part:

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or **(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect;** . . . .

FED. R. CIV. P. 6(b)(2)(emphasis added).

In other words, the Court may grant a request for an extension of time even if it is made after the expiration of the time period to be enlarged, provided the delay was caused by excusable neglect and the request is made by motion. FED. R. CIV. P. 6(b)(2). "Excusable neglect" covers negligence on the part of counsel or a *pro se* party. *See Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004) (*en banc*). The determination of whether neglect is excusable is an equitable one that depends on at least four factors:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer Investment Services Company v. Brunswick Associates*, 507 U.S. 380, 395 (1993)). The district court's discretion in this regard is broad. *See Pincay*, 389 F.3d at 859.

As the moving party here, plaintiff has not addressed any of these factors and has provided no reason for filing her *ex parte* application after the twice-extended time for service of process had expired. Nevertheless, the Court reviews and balances the *Pincay* factors.

The remaining named defendants have not been served within the 120-day period provided by Rule 4 or within the 60 day extensions the Court has granted plaintiffs. The Court does not have jurisdiction over the unserved defendants – a necessary prerequisite to moving forward with the litigation against these defendants. Moreover, because these defendants have not been served, they are unaware of plaintiff's requests and they have no opportunity to respond

to plaintiff's motions. Nevertheless, if served with the amended complaint, a defendant cannot claim prejudice merely from having to defend a case on its merits. But both the currently served and the unserved defendants will likely suffer prejudice when the time for service of process is extended beyond a reasonable period. When a case does not get served promptly – within the 120 days provided under the Federal Rule of Civil Procedure – and when plaintiff fails to prosecute her action properly and timely, there is a distinct possibility of tangible harm to defendants, *i.e.,* prejudice, such as loss of evidence or increased difficulties of discovery. As noted above, plaintiff has made no showing that another extension of time will assist her in locating and serving defendants. Similarly, plaintiff has not provided a specific plan to ensure service of process in a prompt fashion. Notwithstanding the above, plaintiff's delay in seeking the third extension of time was not great and the Court notes plaintiff filed her earlier applications for extensions of time prior to expiration of the time the Court had set for service.

Although plaintiff contends that she has made reasonable efforts to serve defendants, plaintiff has not been prevented from properly effecting service of process by factors beyond her control. As noted above, there are many methods of obtaining information concerning the addresses of defendants. The Court is aware that plaintiff is appearing *pro se* and litigating a case without benefit of counsel may present some challenges. Accordingly, the Court does not find bad faith on the part of plaintiff with respect to her request for a third extension of time. Nevertheless, plaintiff must comply with the Federal Rules of Civil Procedure and the Civil Local Rules which includes effectuating service of process in a proper and timely manner on each individual named in the complaint.

Having considered all the factors set forth above, the Court will grant plaintiff a final extension of the time for service to be effectuated; however, no further extensions of time in which to serve the remaining defendants will be granted. Moreover, this Order places plaintiff on notice that her complaint will be dismissed without prejudice as to the unserved defendants if service is not effectuated by October 10, 2007.

/ / /

/ / /

**2.     Conclusion**

Based on the foregoing, plaintiff's third request for an extension of time is **GRANTED**; however, **NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED**.  Any remaining named defendants shall be properly served no later than **OCTOBER 10, 2007.  FAILURE TO PROPERLY SERVE A NAMED DEFENDANT ON OR BEFORE OCTOBER 10, 2007 SHALL RESULT IN DISMISSAL WITHOUT PREJUDICE OF THE UNSERVED DEFENDANT(S).**

**IT IS SO ORDERED.**

DATED: September 24, 2007

                                                                                     M. James Lorenz
                                                                                     United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL