UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA REEDER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN KNAPIK dba K/MONT<br>CONSTRUCTION, *et al.*,<br><br>　　　　　Defendants. | Civil No. 07-CV-362-L(LSP)<br><br>**ORDER DENYING *EX PARTE*<br>APPLICATION FOR FREE<br>PROCESS OF SUMMONS AND<br>FIRST AMENDED COMPLAINT<br>[doc. #59] and DISMISSING<br>WITHOUT PREJUDICE<br>UNSERVED DEFENDANTS** |

On October 15, 2007, plaintiff, appearing *pro se*, filed an *ex parte* application for service of process by publication on the unserved defendants and at the expense of the Court. [doc. # 59].

**1.　Entitlement to Service of Process at Court Expense**

The Court first notes that plaintiff, having paid the $350.00 filing fee, is not proceeding *in forma pauperis* and has not sought such status. (*See* docket no. 1; receipt no. 135392). Under 28 U.S.C. § 1915(a)(1),

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, **without prepayment of fees** or security therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses, that the person is unable to pay such fees or give security therefor. . . .

28 U.S.C. § 1915(a)(1) (emphasis added).

/ / /

07cv362

Federal Rule of Civil Procedure 4(c)(2) also provides:

> [T]he court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed the court for that purpose. **Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915** . . . ."

FED. R. CIV. P. 4(c)(2) (emphasis added).

Here, because plaintiff neither sought nor obtained *in forma pauperis* status, plaintiff is responsible for service of the summons and complaint and for the costs of service.[1]

Accordingly, plaintiff is not entitled to service of process at Court expense.

**2.    Service by Publication**

Eventhough plaintiff is not entitled to service of process at Court expense, the Court will review the law concerning service by publication.[2]

The Federal Rules of Civil Procedure do not expressly provide for service of process by publication. California, however, does provide for service by publication in its Code of Civil Procedure § 415.50.[3] Section 415.50 provides in relevant part:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.
> . . .
> (b) The court shall order the summons to be published in a named newspaper,

---

[1]  The Court notes that plaintiff may not seek leave to proceed *in forma pauperis* after having paid the filing fee. *In forma pauperis* status permits the filing of the complaint and service by the United States Marshal without prepayment of those fees but does not provide for other litigation costs.

[2]  Plaintiff has sought and was granted three extensions of time in which to effectuate service of process. But plaintiff was also warned that "no further extensions of time will be granted. Any remaining named defendants shall be properly served no later than October 10, 2007. Failure to properly serve a named defendant on or before October 10, 2007 shall result in dismissal without prejudice of the unserved defendant(s)." (Order filed September 24, 2007 (emphasis omitted) [doc. #57]). Thus, plaintiff cannot effectuate service of process in any manner absent Court approval which plaintiff has not sought in the present *ex parte* application.

[3]  Federal Rule of Civil Procedure 4(e)(1) permits service upon individuals "pursuant to the law of the state in which the district court is located."

>published in this state, that is most likely to give actual notice to the party to be served.  If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party.  The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons.  Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code[4] unless the court, in its discretion, orders publication for a longer period.

CODE CIV. PROC. §415.50(a)(1), (b).

Thus, section 415.50 provides a method for effecting service by publication where a defendant's whereabouts and his dwelling house or usual place of abode cannot be ascertained with reasonable diligence, and where no person who may be served on his behalf can be located with reasonable diligence.

>The term "reasonable diligence" . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.  A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are the likely sources of information, and consequently must be searched before resorting to service by publication.

Judicial Council Comments to Code of Civil Procedure § 415.50 (citations omitted).

The Judicial Council Comments also note:

>The first step in service by publication is the filing of a prescribed affidavit showing in detail (1) probative facts indicating a sincere desire and a thorough search to locate the defendant, including the dates thereof and any attempts to serve the defendant by another method of service, and . . . (2) that a cause of action exists against the defendant or that he is a necessary or proper party, . . .

*Id.*

Although plaintiff has submitted the declaration of Willie James Washington in support of service by publication, the declaration is insufficient.  Plaintiff has not provided detailed facts

---

[4] "Publication of summons must be made in a named newspaper of general circulation (Cal. Gov. Code § 6060), published in this state (Cal. Gov. Code §§ 6004.5, 6020), for the period prescribed by Section 6064 of the Government Code (once a week for four successive weeks), . . ." Judicial Council Comments to Code of Civil Procedure § 415.50.

showing a thorough but unsuccessful search for the defendant.[5]  Accordingly, even if plaintiff sought to have service by publication at her own costs, the Court is not satisfied that service by publication is appropriate on the record presented.

The Court further notes that plaintiff's time for serving the remaining unserved defendants has past and no additional extensions of time have been sought or granted. Accordingly, all unserved defendants will be dismissed from this action without prejudice.

**3.     Conclusion**

Based on the foregoing, **IT IS ORDERED** plaintiff's *ex parte* application for free process of summons and first amended complaint being effectuated on un-served defendants by order of the Court is **DENIED**.  **IT IS FURTHER ORDERED** dismissing the unserved defendants without prejudice.

**IT IS SO ORDERED.**

DATED: November 7, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[5]     Attached to Willie James Washington's declaration are several computer print-outs suggesting plaintiff did computer-based name searches; however, the website is neither identified nor authenticated in any manner.