UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA REEDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN KNAPIK dba K/MONT ) <br> CONSTRUCTION, *et al.*, ) <br> ) <br> Defendants. ) <br>  ) | Civil No. 07-CV-362-L(LSP) <br><br> **ORDER GRANTING MOTION TO DISMISS FOR INEFFECTIVE SERVICE OF PROCESS AS TO MONTY COUNSELL  [doc. #81]** |

Defendants City of San Diego Department of Development Service and the City of San Diego have moved to dismiss plaintiff's second amended complaint ("SAC") as to Monty Counsell for ineffective service of process. [doc. #81].  The motion was set for hearing on June 23, 2008.  Plaintiff was advised that under the Civil Local Rules, a response in opposition to the motion to dismiss as to Monty Counsell was required to be filed on or before June 9, 2008 in order to be considered timely and failure to file a timely opposition to the motion may be construed as a consent to the granting of the motion to dismiss the second amended complaint. Plaintiff has not filed a response nor has she sought additional time in which to file a response.

Notwithstanding the lack of a response, the Court undertakes a review of the motion on the merits to determine whether defendant Monte Counsell should be dismissed from the SAC for plaintiff's failure to properly effectuate service of process and for failure to serve the SAC within Federal Rule of Civil Procedure 4.

Defendant Counsell contends he has never been served with any of plaintiff's complaints. Counsell was not named in the original complaint file February 26, 2007. Although named in the First Amended Complaint, there is nothing in the Court's record indicating plaintiff ever served defendant Counsell. On January 14, 2008, plaintiff filed a Certificate of Service purportedly with respect to defendant Counsell but the certificate shows that plaintiff mailed the SAC and/or summons to the City Attorney's Office in care of the Deputy City Attorney assigned to the case. *See* Docket No. 76.[1] Because Counsell had never been served with the original or first amended complaint, plaintiff was required to serve Counsell in accordance with Federal Rule of Civil Procedure 4. The Court previously dismissed another defendant, John Knapik, for plaintiff's failure to properly effectuate service of process. *See* Order filed June 5, 2007 [doc. #32]. In that Order, plaintiff was given detailed information about how to effectuate service of process on an individual as follows:

> A plaintiff must serve the defendant with a copy of summons and complaint within 120 days of filing a complaint. FED. R. CIV. P. 4(m). Rule 4 contains detailed provisions as to the manner in which service must occur. "A liberal construction of Rule 4 'cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'" SCHWARZER, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ¶ 5:347 (2005) (quoting *Mid-Century Wood Products, Inc. v. Harris*, 936 F .2d 297, 300 (7th Cir.1991)); *see also Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 924-25 (11th Cir.2003) (holding that even though defendant had actual notice of the lawsuit, service of process was ineffective because it was not in substantial compliance with Rule 4(f)).

---

[1] The Certificate of Service provides in relevant part:

> I declare that on this 11th day of January, 2006 [sic], that a true copy of the Plaintiff's Second Amended Complaint were [sic] mailed by first class mail to:
>
> Defendants City of San Diego and Monty Counsell
> c/o: Attorneys Wendy Davisson and Mark Edelman
> 1200 3rd Avenue, suite #1100
> San Diego, California 92101 . . .

*See* Certificate of Service, doc. no. 76. The Court assumes plaintiff intended the date to be January 11, 2008, not 2006.

Federal Rule of Civil Procedure 4(e) concerns service of process upon individuals within a judicial district of the United States:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).  Accordingly, under Rule 4(e), service of process should be upheld if it conforms to either federal or applicable state service of process rules.

As set forth in Rule 4(e), service of process may be effected "pursuant to the law of the state in which the district court is located . . . ." FED. R. CIV. P. 4(e)(1).  California law provides for service of a summons upon an individual person "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." CAL. CIV. PROC. CODE § 416.90.  If, after reasonable diligence, the summons and complaint cannot be personally delivered in accordance with Section 416.90, several methods of substitute service are permitted.  CAL. CIV. PROC. CODE § 415.20(b).  One such method is effected by leaving a copy of the summons and complaint at the usual place of business of the person to be served, in the presence of a person apparently in charge, and afterwards mailing a copy of the summons and complaint to the same location.  *Id.*  Another method is effected by "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail,

1  postage prepaid to the person to be served at the place where a copy of the summons and
2  complaint were left." CAL. CIV. PROC. CODE § 415.20.
3       Plaintiff's certificate of service on its face clearly and unequivocally shows that plaintiff's
4  attempted service of process on Counsell was defective because it was mailed to the City
5  Attorney's Office.
6       Plaintiff had ample opportunity to effectuate service of process in this case. The Court
7  granted three extensions of the 120-day time limit provided in Federal Rule of Civil Procedure
8  4(m). During that time, plaintiff did not serve defendant Counsell. Because the time for serving
9  Counsell has long since expired, the Court will dismiss Counsell from this action.
10      Based on the foregoing, defendant Monty Counsell's motion to dismiss for ineffective
11 service of process and failure to timely serve the Second Amended Complaint is **GRANTED**.
12      **IT IS SO ORDERED**.
13 DATED: August 14, 2008

14                                                    M. James Lorenz
15                                                    United States District Court Judge

16 COPY TO:
17 HON. LEO S. PAPAS
   UNITED STATES MAGISTRATE JUDGE
18
19 ALL PARTIES/COUNSEL