UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA REEDER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN KNAPIK dba K/MONT<br>CONSTRUCTION, *et al.*,<br><br>　　　　Defendants. | Civil No. 07-CV-362-L(LSP)<br><br>**ORDER GRANTING CITY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE [doc. #75] and DIRECTING ENTRY OF JUDGMENT** |

Defendants City of San Diego Department of Development Service and the City of San Diego ["City defendants"] move to dismiss plaintiff's second amended complaint ("SAC")[1] or in the alternative, for a more definite statement. [doc. #75]. The motion was set for hearing which is the manner for determining when an opposition is due under the Civil Local Rules for the Southern District of California. Plaintiff did not file a timely opposition to defendants' motion to dismiss. *See* CIV. L.R. 7.1.e.2. Nor has plaintiff sought an additional period of time in which to file her opposition. Civil Local Rule 7.1.f.3.c. provides:

> If an opposing party fails to file the papers in the matter required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court.

---

[1] The defendants who have been served with the SAC are: The City of San Diego, City of San Diego Department of Development Service, Billie Moore and Donald Walker. *See* Certificate of Service filed January 14, 2008. All other defendants have been dismissed from this action.

Notwithstanding the lack of an opposition by plaintiff, the Court makes a determination of the merits of the City defendants' motion to dismiss.

## LEGAL STANDARD FOR MOTION TO DISMISS

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355U.S. 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Although a complaint filed by a *pro se* plaintiff is held to less stringent standards than pleadings drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court also may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless or nonsensical. A claim is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 109 S. Ct. 1827, 1831-32 (1989). Finally, if the court dismisses the complaint, it should grant leave to amend "'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*)(*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## DISCUSSION

The Court first notes that plaintiff's SAC does not meet the minimal standards of Federal Rule of Civil Procedure 8. The SAC is a rambling, stream-of-consciousness listing of various problems plaintiff contends she has endured based upon alleged shoddy construction in a remodeling project on her home. Although prolix, the SAC offers little more than vague and obtuse allegations that fail to satisfy the notice requirement of Rule 8 with respect to the City

defendants. Plaintiff attempts to allege violations of her federal civil right under 42 U.S.C. §§ 1983, 1981, 1982 and 1988, and the Federal Tort Claims Act based upon her dissatisfaction with improvements made on her home by a private contractor and his employees. (SAC at 1, 12.) The City of San Diego and the City of San Diego Building Permits Inspection Office are named defendants because plaintiff contends the City defendants improperly inspected the construction of the home improvements and failed to hire, train and supervise the inspectors.

In granting plaintiff leave to file a second amended complaint, the Court noted that in order to support her claim based upon an alleged violation of her federal civil rights, 42 U.S.C. § 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Id.* (citing 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986)).

Plaintiff was advised that in filing a second amended complaint, she must set forth how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights, *see Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980) and the complaint must allege in specific terms how each named defendant is involved in the constitutional violation. As the Court further noted, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed constitutional deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

It should be beyond dispute that there is no constitutional right to have home construction completed to one's satisfaction. There is no liberty interest in being "able to sit in her back yard and relaxing and observing her beautiful plant and flower garden, and being able to invite others into her home without feeling that things are not finished with the home improvement projects or are coming loose at the seams from such defective activities of defendants[.]" (SAC at 25-26.) To suggest that an unsatisfactory construction project is a constitutional deprivation is an affront

to the importance of the Constitution.

Plaintiff first asserts that the City's building inspectors failed to take notice of deficiencies in the remodeling construction. The City's inspection of building projects is not intended to determine if construction is being completed to the home owner's satisfaction. Instead, during construction, building officials periodically inspect work for conformance with the local building code and verify that contractors performing the work hold licenses required by law. Upon substantial completion of construction, the building official inspects the completed work to verify that it has been constructed in conformance with code and, if found to be so, to issue a certificate of occupancy authorizing the owner's occupancy and use of the project for its intended purposes.

Plaintiff also alleges the City defendants hired unqualified building inspectors and failed to train and supervise those inspectors. (SAC at 9.)

These causes of action against the City defendants may arise under state law because they appear to be based on a theory of negligence. But "[i]n California, all government tort liability must be based on statute. Government Code section 815 . . . Abolished all common law or judicially created forms of liability for public entities, . . . . Thus, public entities may be liable *only* if a statute declares them to be liable." *Harshbarger v. Colton*, 197 Cal. App. 3d 1335, 1339 (1988)(quoting *Cochran v. Herzog Engraving Co.*, 155 Cal. App. 3d 405, 409 (1984)).

Whether or not state law provides any redress for plaintiff's allegations, negligence does not provide a basis for a constitutional violation. Plaintiff cannot establish a viable claim under federal law for her allegations, even when those factual allegations are taken as true.

As noted above, neither failure to comply with local building codes nor negligent hiring, training or supervision by the City defendants is a constitutional violation; therefore, there can be no claim asserted under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue,[2] and (2) that the conduct deprived the claimant of some right, privilege, or

---

[2] Most all of the named defendants are private individuals who are not alleged to be acting under color of state law.

immunity protected by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

42 U.S.C. § 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  Section 1981 guarantees equal rights under the law and the right to make and enforce contracts.  Its purpose is to provide for equality of rights as between persons of different races, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race, and to place the races upon the same level and to make the civil and criminal rights and responsibilities of all races exactly the same.   Here, section 1981 cannot be applicable in the present case because plaintiff did not enter into a contract with the City defendants.

42 U.S.C. § 1982 states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."   Plaintiff makes no allegations that fit within the statute.

42 U.S.C. § 1988 concerns the awarding of attorneys' fees to a successful civil rights plaintiff who is represented by counsel.  *Richlin Sec. Service Co. v. Chertoff*, 128 S.Ct. 2007 (2008) ("the Civil Rights Attorney's Fees Awards Act of 1976 . . .  provides that a court "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs," 42 U.S.C. § 1988.).  Plaintiff is not a prevailing party and is not represented by counsel.

A claim under the Federal Tort Claims Act can only be brought against the United States.  28 U.S.C.A. § 2674.  Plaintiff does not and cannot name the United States as a defendant in this action.

Plaintiff has failed to allege and is unable to allege any any federal law claim.  The City defendants are entitled to dismissal of all the purported federal claims in this action with prejudice.  Plaintiff will not be permitted to further amend the complaint.

**SUPPLEMENTAL JURISDICTION**

Under 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367 provides in relevant part:

> (c) the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction . . . .

28 U.S.C. § 1367(c).

In the preceding section of this Order, this Court dismissed all of plaintiff's federal claims against the City of San Diego and the City's Building Permits Inspection Office. The only remaining defendants are individuals who are not alleged to have acted under color of state law; therefore, there can be no federal causes of action based on alleged violation of civil rights. Thus, the condition set forth in 28 U.S.C. § 1367(c)(3) is satisfied. The Court recognizes that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assoc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations omitted); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 n. 7 (9th Cir. 2003) (The court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims). Because only state law claims remain, the Court declines to exercise supplemental jurisdiction in this case.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

For the reasons discussed above, **IT IS ORDERED** defendants' motion to dismiss is **granted** with prejudice as to all federal claims. The Court **DECLINES** to exercise supplemental jurisdiction. The Clerk of the Court is directed to enter judgment in defendants' favor and against plaintiff.

**IT IS SO ORDERED**.

DATED: August 15, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL